USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/16/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
ANGELLOVE VASQUEZ,

                    Petitioner,

        -against-

STATE OF NEW YORK,

                    Respondent.

------------------------------------------------------------ X

17-CV-697 (VEC)

OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

       Petitioner Angellove Vasquez, appearing *pro se*, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for possession of a weapon in the second degree. *See* Pet., Dkt. 1. On February 27, 2020, Magistrate Judge Wang issued a Report and Recommendation ("R&R"), recommending that the Petition be denied in its entirety. *See* R&R, Dkt. 18. No party submitted objections to the R&R. For the following reasons, the R&R is ADOPTED in full. The Petition is DENIED.

## BACKGROUND

       On August 22, 2011 New York Police Department Detectives surveilled Petitioner and his acquaintance John Flores walking into an apartment building; the police had received a tip from a confidential informant that Flores would be carrying a gun. R&R at 3. Neither man wore a backpack when entering the building. *Id.* Several minutes later, the detectives observed Petitioner leave the building wearing a backpack; Flores left the building from a different exit. *Id.* Police officers followed and arrested Petitioner. *Id.* at 4. A struggle ensued during the course of his arrest. *Id.* After searching Petitioner's backpack, the detectives uncovered a loaded gun. *Id.* Petitioner was charged with possession of a weapon in the second degree. *See* Pet.,

1

Dkt. 1. At trial, Petitioner testified. R&R at 7. His defense was that Flores had, without Vasquez's knowledge, put the gun in the backpack. *Id.* Thus, Petitioner argued, he did not knowingly possess the weapon. *Id.* at 7-8.

During jury deliberations, the jury sought to examine the gun and Petitioner's backpack in order to reenact the scene of the arrest. *See* R&R at 9. Defense counsel objected and requested an instruction that the jury should consider Petitioner's testimony that the backpack had contained additional items, including clothes and video games, that had not been admitted into evidence. *Id.* The judge agreed and instructed the jury to "keep in mind that there is testimony that on the street there were items in there of Mr. Vasquez's that were not in the bag in the courtroom; for example, video games and other items of clothing." *Id.* at 9-10.

On April 27, 2012, the jury found Petitioner guilty of possession of a weapon in the second degree. *Id.* at 10. On May 23, 2012, Petitioner was sentenced to a term of nine years imprisonment followed by five years of supervised release. *Id.* Petitioner's conviction was affirmed on appeal. *See People v. Vasquez*, 140 A.D.3d 571 (1st Dep't 2016). Petitioner sought leave from the New York Court of Appeals to appeal the First Department's decision, and was denied. R&R at 12. On January 24, 2017, Petitioner filed the instant Petition with this Court. *See* Dkt. 1.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, no timely objection has been made by either party, "a district court need only find that there is no clear error on the face of the record in order to accept the report and recommendation." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211

(S.D.N.Y. 2013) (internal quotation marks omitted); *see also Adams v. New York State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (a district court "may adopt those portions of the [magistrate's] report to which no 'specific, written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." (quoting Fed. R. Civ. P. 72(b))). Failure to file timely objections to the magistrate's report constitutes a waiver of those objections both within the district court and on appeal. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Careful review of Magistrate Judge Wang's R&R reveals that there is no clear error in its conclusions. Even assuming that the Court were required to review Petitioner's claims *de novo*, the claims fail on the merits. *See* R&R at 13–17.

Petitioner asserts two ineffective assistance of counsel claims. He alleges that his trial counsel was ineffective because he failed to object to the judge's jury instruction regarding the examination of Petitioner's backpack; and he alleges that his appellate counsel was ineffective because he failed to unseal the transcript from a pretrial *Darden* hearing. *See* Pet. at 4-5. A claim of ineffective assistance of counsel will be granted only if a petitioner can show that his counsel's performance fell below an objective standard of reasonableness *and* that he was prejudiced by his counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). This two-prong test is difficult to satisfy and "the great majority of habeas petitions that allege constitutionally ineffective counsel founder on that standard." *Lindstadt v. Keane*, 239 F.3d 191, 199 (2d Cir. 2001).

The Court agrees with Magistrate Judge Wang's conclusion that Petitioner has failed to satisfy either prong of the *Strickland* test for either claim. As to his claim that his trial counsel

was ineffective, the record indicates that Petitioner's trial counsel did object to the jury instruction regarding the examination of the backpack and engaged in colloquy with the judge about what the appropriate instruction should be. *See* R&R at 20. Moreover, although Petitioner argues that his trial counsel did not object when the judge erroneously stated that there were "video games" in Petitioner's backpack, it was Petitioner's counsel who initially suggested that "video games" were among the items in the backpack at the time of Petitioner's arrest.[1] *See id.* at 21; Dkt. 11-8 at 46. Finally, and most significantly, Petitioner has not established that his counsel's misstatement regarding the presence of video games in his backpack "fell below an objective standard of reasonableness," or that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 669, 694 The Court agrees with the Appellate Division's unanimous finding that any error in the jury instructions regarding the additional contents of the backpack were "harmless in light of the overwhelming evidence of guilt." *See* R&R at 20-21; *Vasquez*, 140 A.D.3d at 572.

Petitioner's claim that his appellate counsel was ineffective also fails. Petitioner claims his appellate counsel did not succeed in unsealing the transcript from a pretrial *Darden* hearing. Although Petitioner is clearly unhappy with the result, he identifies no error in his counsel's performance nor any action that his counsel should have, but did not, take. Petitioner's appellate counsel attempted to unseal the *Darden* transcript, and his argument was rejected by the Appellate Division. R&R. at 22. Accordingly, Petitioner's claim merely reflects his disappointment with the Appellate Division's decision; he does not identify any deficiency in his

---

[1] Petitioner had, in fact, testified at trial that the backpack contained clothing, papers, and a marijuana crusher. Dkt. 11-8 at 37.

appellate counsel's representation. Moreover, Petitioner does not assert that the outcome of his trial would have been different had the *Darden* transcript been unsealed.

Petitioner's remaining claims are not cognizable on habeas review. First, Petitioner claims his Fourth Amendment right was violated when he was arrested without probable cause. Alleged Fourth Amendment violations, however, generally present no claim to federal habeas relief. *See Stone v. Powell*, 428 U.S. 465, 494 (1976) ("where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."); *see also Torres v. Irvin*, 33 F. Supp. 2d 257, 264 (S.D.N.Y. 1998) ("A petition for a writ of habeas corpus must be dismissed where it seeks simply to relitigate a Fourth Amendment issue."). A federal court may review a Fourth Amendment claim where the "state [] provided no corrective procedures at all," *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992), or where the state "provided a corrective mechanism but the defendant is precluded from using that mechanism 'because of an unconscionable breakdown in the underlying process,'" *Baker v. Bennett*, 235 F. Supp. 2d 298, 306-07 (S.D.N.Y. 2002) (citing *Capellan*, 975 F.2d at 70). Here, because Petitioner has failed to show that there was an "unconscionable breakdown in the underlying process," *Capellan*, 975 F.2d at 70, his Fourth Amendment claim is not cognizable on habeas review. *See* R&R at 14-15.

Petitioner's claim that "the grand jury proceeding was impaired by Officer Fleming's [sic] testimony when he lied and said I was the suspect," Pet. at 6, similarly presents no claim to federal habeas relief. *See Davis v. Mantello*, 42 F. App'x 488, 490–91 (2d Cir. 2002) ("[c]laims of deficiencies in state grand jury proceedings are not cognizable in a habeas corpus proceeding in federal court"); *see also United States v. Mechanik,* 475 U.S. 66 (1986); *Lopez v. Riley,* 865

5

F.2d 30, 32 (2d Cir. 1989)).  Moreover, the claim is procedurally barred because Petitioner failed to raise it on appeal and has not shown cause for his procedural default or any facts demonstrating his actual innocence.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

## CONCLUSION

For the foregoing reasons, the Court adopts the R&R in its entirety.  The Petition is DENIED.  Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.  *See Middleton v. Attorneys Gen.*, 396 F.3d 207, 209 (2d Cir. 2005) (per curiam).  In addition, because the R&R gave the parties adequate warning, *see* R&R at 25-26, the parties' failure to file written objections to the R&R precludes appellate review of this decision.  *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).  Accordingly, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and permission to proceed *in forma pauperis* for purposes of appeal is denied.

The Clerk of Court is respectfully directed to mail a copy of this Order to Petitioner at the address listed in docket entry 17, to note mailing on the docket, to terminate all open motions, and to CLOSE the case.

**SO ORDERED.**
**Date:  March 16, 2020**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**